### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| **DEBRA L. DOUTT,** : | **Bankruptcy No. 08-24968-MBM** |
| : | |
| Debtor. : | **Chapter 7** |
| : | |
| **PATRICIA A. DOUTT,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Adversary No. 08-2448-MBM** |
| : | |
| Debra L. Doutt and Jeffrey J. Sikirica, : | |
| Chapter 7 Trustee, : | |
| : | |
| Defendants. : | |

### MEMORANDUM AND ORDER OF COURT

**AND NOW,** this **4th day** of **June, 2009**, upon consideration of (a) the adversary complaint filed by the instant plaintiff (hereafter "the Plaintiff"), wherein the Plaintiff seeks a determination that her claim against the instant debtor (hereafter "the Debtor") for money lent – with such claim equalling $9,762.44 – is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (b) the Plaintiff's position as stated in her complaint, to wit that the Debtor's debt to her should be declared nondischargeable because the Debtor obtained said loan from the Plaintiff as a result of a fraudulent misrepresentation, and (c) the Plaintiff's position, as stated at trial, that said debt should be declared nondischargeable because said loan, although not necessarily having been obtained by fraud, was nevertheless obtained by false pretenses;

and subsequent to notice and a trial in the instant matter, which trial was

held on June 3, 2009,

    it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a)    the Debtor neither made a fraudulent misrepresentation nor engaged in false pretenses so as to obtain the loan in question from the Plaintiff; and

(b)    the Plaintiff's $9,762.44 claim against the Debtor is consequently **DISCHARGED**, that is such claim **IS NOT nondischargeable** under § 523(a)(2).

The rationale for the Court's decision is briefly set forth below.

    The Plaintiff contends, in her complaint, that the Debtor, when she asked for the loan of money in question from the Plaintiff (hereafter "the Loan"), informed the Plaintiff that such borrowed money would be used for but one purpose, namely to enable the Debtor to satisfy an existing vehicle indebtedness (hereafter "the Vehicle Indebtedness"). The Plaintiff also contends, in her complaint, that such statement by the Debtor – i.e., that the Debtor would use the borrowed money only to satisfy the Vehicle Indebtedness – was false because, when the Plaintiff made the Loan, the Vehicle Indebtedness had already been satisfied.

    The Court finds that the Debtor did not make a fraudulent misrepresentation as contended by the Plaintiff because the Debtor, in fact, utilized the borrowed money to satisfy a very short-term bridge loan from the Debtor's father (hereafter "the Bridge Loan"), which bridge loan was utilized to satisfy the Vehicle Indebtedness. Thus, the Debtor was truthful when she told

the Plaintiff that she intended to utilize the money that she would borrow from the Plaintiff to satisfy the Vehicle Indebtedness – such borrowed money actually did indirectly serve to satisfy the Vehicle Indebtedness. More importantly, the Court finds that the Debtor informed the Plaintiff – prior to, or at the time of, the Loan – that she had obtained the Bridge Loan so as to satisfy the Vehicle Indebtedness; by so informing the Plaintiff, the Court holds that the Debtor lacked the requisite intent to deceive the Plaintiff.

As for the Plaintiff's position, articulated at trial but not in her complaint, that the foregoing state of affairs constitutes at least false pretenses if it does not also constitute fraud, the Court, for two reasons, rejects such position. First, the Plaintiff's false pretenses position is predicated entirely upon the same conduct that she contends, in her complaint, constitutes a fraudulent misrepresentation. For the same reasons that the Plaintiff does not prevail with respect to her fraudulent misrepresentation position, she also does not prevail with respect to her false pretenses position. Second, to the extent that the Plaintiff perhaps contends that, in order to establish false pretenses under § 523(a)(2), she need not prove all of the elements that need to be proven to prevail on a fraudulent misrepresentation cause of action under § 523(a)(2), the Plaintiff is mistaken. "In order for a debt to be excepted from discharge under § 523(a)(2)(A) as one for false pretenses, a creditor must, with respect to the implied representation or conduct that is asserted to constitute the false pretenses, preponderantly prove each of the elements that must be shown in order to prevail under § 523(a)(2)(A) with respect to a false representation." In re Ali, 321 B.R. 685, 690

(Bankr.W.D.Pa. 2005).

In light of the foregoing, the Plaintiff's $9,762.44 claim against the Debtor is discharged, that is such claim is not nondischargeable under § 523(a)(2).

**BY THE COURT**

 /s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

copies to:

Gary H. Simone, Esq.
Rishor Simone
101 E. Diamond Street, Ste. 208
Butler, PA 16001

Michael S. Lazaroff, Esq.
The Ferry Building
127 South McKean Street
Butler, PA 16001

Jeffrey J. Sikirica, Esq.
121 Northbrook Drive
Gibsonia, PA 15044